2022 BNH 001      Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 20-10839-BAH |
| | Chapter 7 |
| Mark P. Robinson, | |
|     Debtor | |
| | |
| Paul Robinson, Representative for the | |
| Estate of George Robinson, | |
|     Plaintiff | |
| | |
| v. | Adv. No. 20-1036-BAH |
| | |
| Mark Robinson, | |
|     Defendant | |

*Paul Robinson, Representative for the Estate of George Robinson*
*Pro Se Plaintiff*

*Brian R. Barrington, Esq.*
*The Coolidge Law Firm, PLLC*
*Somersworth, New Hampshire*
*Attorney for Defendant*

## MEMORANDUM OPINION

### I.  INTRODUCTION

Paul Robinson, as representative for the Estate of George Robinson (the "Plaintiff"), filed a complaint objecting to the dischargeability of a debt owed to him by his brother, Mark Robinson (the "Debtor/Defendant") (Doc. No. 1) (the "Bankruptcy Complaint").  The debt arises from a prepetition Massachusetts state court judgment that entered on February 4, 2020, in a case filed by the Plaintiff against the Debtor/Defendant in the Essex County Superior Court (the "State Court Case").  The judgment entered after a jury found the Debtor/Defendant liable for

conversion in the amount of $388,27.50, resulting from the Debtor/Defendant's exercise of ownership, control, or dominion over the money of George Robinson, the father of the Plaintiff and the Debtor/Defendant (the "State Court Judgment"). The Bankruptcy Complaint contains four counts. Count I seeks a finding that the State Court Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Counts II and III seek a finding that the State Court Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(4). Count IV seeks a finding that the State Court Judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). In the motion for summary judgment pending before the Court (Doc. No. 74) (the "Motion"), the Plaintiff contends that the findings supporting the jury's special verdict in the State Court Case (the "Special Verdict") are sufficient to support a nondischargeability finding by this Court. In his objection (Doc. No. 85) (the "Objection"), the Debtor/Defendant denies the Plaintiff's contention, arguing that the Special Verdict does not meet or exceed the standard for nondischargeability set forth in 11 U.S.C. § 523. The Court held a hearing on the Motion and Objection on September 15, 2021, and took the matter under advisement (Doc. No. 89).[1]

The Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Rule 77.4(a) of the United States District Court for the District of New Hampshire. This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] On December 29, 2021, the Plaintiff filed a motion titled "Motion for Summary Judgment Finding for Plaintiff and Request Purjury [sic] Charges" (Doc. No. 92), wherein he recites that he did not receive a copy of the Objection because it was sent to an incorrect email address. The Debtor/Defendant admitted that the Objection was sent to an incorrect email address due to a mistake; the Debtor/Defendant stated he did not mail the Objection to the Plaintiff because he knew the Plaintiff had moved from Massachusetts to Florida, and he did not have the Plaintiff's new address (Doc. No. 93). The Court held a hearing on this motion on February 7, 2022, wherein the Court addressed the issue of service in this proceeding and ordered the Plaintiff to provide the Court with written notice of his new address as the Plaintiff had not yet filed a written notice of address change with the Court. At the hearing, the Court also gave the Plaintiff the opportunity to argue in response to the Objection, which he did. The Court has considered those arguments in ruling on the Motion.

## II. DISCUSSION

### A. Summary Judgment Standard

In bankruptcy proceedings, summary judgment is governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56 and its standards into bankruptcy practice. Weiss v. Wells Fargo Bank, N.A. (In re Kelley), 498 B.R. 392, 397 (B.A.P. 1st Cir. 2013) (citing Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 762 (1st Cir. 1994)); Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56. Rule 56(a) provides that a movant is entitled to summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] "Genuine issues of fact are those that a factfinder could resolve in favor of the nonmovant, while material facts are those whose 'existence or nonexistence has the potential to change the outcome of the suit.'" Green Mountain Realty Corp. v. Leonard, 750 F.3d 30, 38 (1st Cir. 2014) (quoting Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011)). In assessing the summary judgment record, a court must draw all reasonable inferences in favor of the non-moving party but is "not obliged to accept as true or to deem as a disputed material fact, each and every unsupported, subjective, conclusory, or imaginative statement made to the Court by a party." Torrech-Hernandez v. Gen. Elec. Co., 519 F.3d 41, 47 (1st Cir. 2008); see Adamson v. Walgreens Co., 750 F.3d 73, 78 (1st Cir. 2014). The Supreme Court has explained that "[t]he inquiry performed is the threshold inquiry of determining

---

[2] Rule 56 was amended in 2010; however, the standard has not changed. Barton v. Clancy, 632 F.3d 9, 16 n.5 (1st Cir. 2011) (citing the advisory committee notes which state that "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word—genuine 'issue' becomes genuine 'dispute'"); see also Newell Rubbermaid, Inc. v. Raymond Corp., 676 F.3d 521, 533 (6th Cir. 2012) ("The commentary to Rule 56 cautions that the 2010 amendments were not intended to effect a substantive change in the summary judgment standard."). Accordingly, case law construing the prior version of Rule 56 is still applicable.

whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. 247-48 (emphasis in original). "With respect to issues on which the non-movant would bear the burden of proof at trial, the non-movant … must adduce sufficient evidence to permit the trier of fact to resolve that issue in his favor. … If the non-movant fails to make the required showing on such an issue and the issue is a dispositive one, summary judgment is appropriate." Harrington v. Simmons (In re Simmons), No. 15-9005, 2016 WL 234516, at *3 (1st Cir. Jan. 20, 2016) (citing Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010)).

Against this legal backdrop, the Court will examine the summary judgment record and recite the facts in the light most favorable to the Debtor/Defendant as the party opposing summary judgment.[3] Tropigas de Puerto Rico, 637 F.3d at 54.

**B. Summary Judgment Record**

The summary judgment record establishes the following. The Plaintiff and the Debtor/Defendant are brothers. Their parents, George and Carmina Robinson, died within weeks

---

[3] Neither the Plaintiff nor the Debtor/Defendant followed certain provisions of LBR 7056-1 regarding summary judgment motions. Specifically, the Plaintiff's separate statement of facts did not include "references to the affidavits, parts of the record and other supporting materials relied upon to support the facts set forth in that paragraph," as required by LBR 7056-1(a)(2) (emphasis added). The Debtor/Defendant did not file a response to the Plaintiff's statement of facts nor did he submit his own separate statement of facts as permitted. See LBR 7056-1(b)(1). Despite these shortcomings, the Court will examine the parties' pleadings, and documents attached thereto including the State Court Judgment, and the Plaintiff's and Debtor/Defendant's affidavits, to discern the material facts and determine whether genuine disputes about them exist.

4

of each other.  Carmina Robinson passed away first on May 4, 2017, followed by George Robinson on June 28, 2017.  The Plaintiff and the Debtor/Defendant vehemently disagree about what took place during the last few years of their parents' lives, specifically, with respect to their care and support.  The Plaintiff contends that during this time the Debtor/Defendant began to pressure his parents to let him take control of their assets, which involved each parent granting the Debtor/Defendant a power of attorney; the Debtor/Defendant obtaining access to a safe deposit box containing hundreds of thousands of dollars, and the Debtor/Defendant having his name added to some of his parents' accounts.  The Debtor/Defendant states that his parents asked him to live in their home and to provide care and support for them in their old age.  He states he spent their money on household bills, providing home care, and purchasing medical equipment, all with their express knowledge and consent.  The Court finds these facts are undeniably in dispute.

After their father died, the Plaintiff was appointed the personal representative of his estate.  As the personal representative of George Robinson's estate, the Plaintiff sued the Debtor/Defendant in state court for civil conversion, alleging the Debtor/Defendant converted funds belonging to their parents.  The State Court Case was tried to a jury in January 2020.  The jury found the Debtor/Defendant liable for conversion after making these specific findings:

1. Did the plaintiff prove that the defendant exercised an act or acts of ownership, control, or dominion over George Robinson's cash and/or money?  Answer: Yes

2. Did the plaintiff prove that the defendant intentionally did the acts of ownership, control or dominion?  Answer: Yes

3. Did the plaintiff prove that George Robinson had an ownership interest in the cash or money at the time of the defendant's acts?  Answer: Yes

4. Did the plaintiff prove either that (a) the defendant had no right to possession of the cash or money at the time of the defendant's acts of ownership, control, or dominion over it; or, (b) the defendant had a right to possession of the cash or money when he

    acted, but he failed to return the property to the plaintiff upon demand to do so by the plaintiff?  Answer: Yes

5. Did the plaintiff prove that the Estate of George Robinson had a right to immediate possession of the cash or money as of March 13, 2018?  Answer: Yes

6. What sum of money will fully and fairly compensate the plaintiff for the Conversion of the cash and/or money?  Answer: $316,468.37

As a result of the Special Verdict, the State Court Judgment was entered against the Debtor/Defendant for $388,277.50[4] on February 4, 2020.  Thereafter, the Debtor/Defendant filed a chapter 7 bankruptcy petition on September 25, 2020.  The Plaintiff filed a proof of claim in this bankruptcy case on November 25, 2020, alleging he is owed $388,277.50 based on the State Court Judgment (POC 11).  The Plaintiff then filed the Bankruptcy Complaint on December 4, 2020.

    **C. Analysis**

The very narrow issue before the Court is whether the findings in the Special Verdict are sufficient for the Court to conclude that the State Court Judgment is nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4) or (a)(6).  Courts have held that "[t]he ordinary rules of collateral estoppel and res judicata apply in most actions in the bankruptcy court, including adversary proceedings under § 523(a) to except debts from discharge."  McCory v. Spigel (In re Spigel), 260 F.3d 27, 33 (1st Cir. 2001) (citing Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991); FDIC v. Shearson-American Express, Inc., 996 F.2d 493, 497 (1st Cir. 1993)); see Backlund v. Stanley-Snow (In re Stanley-Snow), 405 B.R. 11, 18 (B.A.P. 1st Cir. 2009); Chapman v. Tracey (In re Tracey), 250 B.R. 468, 471 (Bankr. D.N.H. 2000).  Bankruptcy courts must look to state law to determine the preclusive effect of a prior state court judgment.  Spigel, 260 F.2d at 33

---

[4] The award included damages totaling $316,468.37, prejudgment interest of $71,529.13, and statutory costs of $280.00.

6

(citing New Hampshire Motor Transp. Ass'n v. Town of Plaistow, 67 F.3d 326, 328 (1st Cir. 1995)); Stanley-Snow, 405 B.R. at 18 (citing Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373 (1985) (stating the "full faith and credit" statute of 28 U.S.C. § 1738 "directs a federal court to refer to the preclusion law of the State in which the judgment was rendered.")).  Because the Plaintiff's State Court Judgment was issued in Massachusetts, the Court must look to Massachusetts law to determine its preclusive effect.

In Massachusetts, for collateral estoppel (or issue preclusion as it is also known) to apply, a court must determine:

1. there was a valid and final judgment on the merits;

2. the party against whom estoppel is asserted was a party (or in privity with a party) to the prior litigation;

3. the issue in the prior adjudication is identical to the issue in the current litigation; and

4. the issue in the prior litigation was essential to the earlier judgment.

Sega Auto Sales, Inc. v. Flores (In re Flores), 524 B.R. 420, 428-29 (Bankr. D. Mass. 2015) (citation omitted); see also Gray v. Tacason (In re Tacason), 537 B.R. 41, 51 (B.A.P. 1st Cir. 2015).  "The guiding principle in determining if collateral estoppel applies is whether the party against whom it is asserted had a 'full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue.'"  Flores, 524 B.R. at 429 (citation omitted).  In the Court's view, the first two elements have been satisfied, i.e., there was a valid and final judgment on the merits in the State Court Case, and the Debtor/Defendant was a party in the prior litigation.  What the Court needs to consider in the context of each claim set forth in the Bankruptcy Complaint is whether the issue being adjudicated in this case is identical the one adjudicated in the State Court Case, and whether the adjudication of that issue was essential to the State Court Judgment.

The Plaintiff has the burden to prove a debt is nondischargeable by a preponderance of the evidence.  Grogan, 498 U.S. at 283.  Exceptions to discharge are narrowly construed in furtherance of the "fresh start" policy of the Bankruptcy Code.  Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997).

### 1. Count I under § 523(a)(2)(A)

In Count I of the Bankruptcy Complaint, the Plaintiff seeks to except the State Court Judgment from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).  Section 523(a)(2)(A) provides:

> A discharge under section 727 … of this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).  The Special Verdict did not contain any finding that the Debtor/Defendant acted under false pretense, made a false representation, or committed actual fraud.  Rather, the issues determined in the State Court Case focus on the Debtor/Defendant's actions in exercising ownership, control, or dominion over George Robinson's cash and money and who was entitled to possession of that cash and money.  These issues are not identical to the issues raised under § 523(a)(2)(A).  Thus, the Court is unable to apply collateral estoppel with respect to the Plaintiff's claim in Count I, and, for that reason, the Court cannot grant summary judgment with respect to Count I.

### 2. Counts II and III under § 523(a)(4)

In Counts II and III of the Bankruptcy Complaint, the Plaintiff seeks to except the State Court Judgment from discharge pursuant to 11 U.S.C. § 523(a)(4).  Section 523(a)(4) provides:

> A discharge under section 727 … of this title does not discharge an individual debtor from any debt—
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

8

11 U.S.C. § 523(a)(4).

Fiduciary capacity under § 523(a)(4) requires the existence of an express or technical trust. Weaver v. Weston (In re Weston), 307 B.R. 340, 343 (Bankr. D.N.H. 2004). "[The] broad definition of fiduciary under nonbankruptcy law—a relationship involving trust, confidence, and good faith—is inapplicable in the dischargeability context." Honkanen v. Hopper (In re Honkanen), 446 B.R. 373, 378-79 (B.A.P. 9th Cir. 2011) (quoted in Petrucelli v. D'Abrosca (In re D'Abrosca), BAP No. RI 10-062, 2011 WL 4592338, *5 (B.A.P. 1st Cir. Aug. 10, 2011)). The Special Verdict made no reference to an express or technical trust. Thus, it did not make any finding regarding whether the Debtor was a fiduciary or acting within a fiduciary capacity, which is required to find a debt nondischargeable "for fraud or defalcation while acting in a fiduciary capacity" under § 523(a)(4). Accordingly, the Court cannot apply collateral estoppel with respect to the Plaintiff's claim in Count III of the Bankruptcy Complaint.

A debt also may be excepted from discharge under § 523(a)(4) if the debt is for "embezzlement" or "larceny." Embezzlement and larceny "apply outside the fiduciary context." Bullock v. BankChampaign, N.A., 569 U.S. 267, 275 (2013). There is no definition of embezzlement in § 523 or elsewhere in the Bankruptcy Code. Sherman v. Potapov (In re Sherman), 603 F.3d 11, 13 (1st Cir. 2010). Rather, common law provides that embezzlement is "the fraudulent conversion of the property of another by one who is already in lawful possession of it." Id. "[T]o amount to embezzlement, conversion must be committed by a perpetrator with fraudulent intent." Id. Stated another way, embezzlement under § 523(a)(4) requires a showing that:

> 1. the relevant property was rightfully in the possession of a non-owner;
>
> 2. the non-owner appropriated the property for a use other than for which it was intended; and

   3. the circumstances indicate fraud.

Amsol, Inc. v. Jaworski (In re Jaworski), 2004 BNH 005, 15 (citing TransAmerica Comm. Fin. Corp. v. Littleton (In re Littleton), 942 F.2d 551, 555 (9th Cir. 1991)).

  According to the fourth numbered finding in the Special Verdict, "(a) the defendant had no right to possession of the cash or money at the time of the defendant's acts of ownership, control, or dominion over it; or (b) the defendant had a right to possession of the cash or money when he acted, but he failed to return the property to the plaintiff upon demand to do so by the plaintiff."  Thus, the jury decided either that the Debtor/Defendant was not rightfully in possession of the property, in which case the first element for establishing embezzlement has not been established; or that he did have a right to possession, which would establish the first element.  But which of those two alternatives the jury decided cannot be determined from the Special Verdict.  Therefore, the Court cannot apply collateral estoppel, and the debt cannot be excepted from discharge for embezzlement based on the Special Verdict.

  Larceny "requires taking and carrying away another's property."  Bullock, 569 U.S. at 275.  To except a debt based on larceny, a creditor must show the debtor fraudulently and wrongfully took the property of another with an intent to convert the property to the debtor's use without the consent of the owner.  Jaworski, 2004 BNH 005, 16 (citing Collier on Bankruptcy ¶ 523.10[2] (Lawrence P. King et al. eds., 15th rev. ed. 2003)).  The First Circuit Court of Appeals has explained in Rutanen v. Baylis, 313 F.3d 9, 20 (1st Cir. 2002), "[f]raud, embezzlement, and larceny are all serious crimes requiring specific intent."  The Special Verdict did not include any finding regarding wrongful intent, which precludes a nondischargeability finding under § 523(a)(4) based on larceny.  Again, the Court is unable to apply collateral estoppel to find the

debt nondischargeable based on the Special Verdict. The Court must deny summary judgment with respect to Count II of the Bankruptcy Complaint.

### 3. Count IV under § 523(a)(6)

In Count IV of the Bankruptcy Complaint, the Plaintiff seeks to except the State Court Judgment from discharge pursuant to § 523(a)(6). Section 523(a)(6) provides:

> A discharge under section 727 … of this title does not discharge an individual debtor from any debt—
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6). To establish nondischargeability under § 523(a)6), a creditor must prove:

1. the creditor suffered an injury;

2. the injury was the result of the debtor's actions;

3. the debtor intended to cause the injury or there was a substantial certainty that the injury would occur; and

4. the debtor had no just cause or excuse for the action resulting in injury.

Kirk v. Burrows (In re Burrows), 2017 BNH 002, 13 (citing B.B. v. Bradley (In re Bradley), 466 B.R. 582, 587 (B.A.P. 1st Cir. 2012) (quoting Hermosilla v. Hermosilla (In re Hermosilla), 430 B.R. 13, 22 (Bankr. D. Mass. 2010)); Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998)).

The Special Verdict did not make any findings regarding whether the Debtor had "no just cause or excuse for the action resulting in injury," which is an element of the Plaintiff's claim under § 523(a)(6). Accordingly, the Court cannot apply collateral estoppel with respect to this element of the Plaintiff's claim. Further, the Debtor/Defendant contends that he took his parents money and used it for their benefit, making this issue the subject of a genuine dispute. For these reasons, the Court must deny summary judgment with respect to Count IV.

11

### III. CONCLUSION

Having reviewed the summary judgment record in the light most favorable to the Debtor/Defendant, the Court is unable to find that the issues determined in the Special Verdict are identical to the issues presented by the Bankruptcy Complaint. The Special Verdict did not address many of the elements of the Plaintiff's claims under § 523(a)(2)(A), (a)(4), and (a)(6). Accordingly, the Plaintiff has not demonstrated that he is entitled to summary judgment in his favor on his nondischargeability claims in Counts I through IV of the Bankruptcy Complaint. The Court will issue a separate order denying the Motion in accordance with Federal Rule of Bankruptcy Procedure 7056.

ENTERED at Concord, New Hampshire.

Date:  March 4, 2022                             /s/ Bruce A. Harwood
                                                 Bruce A. Harwood
                                                 Chief Bankruptcy Judge